UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 7:22-cv-14

| | |
|---|---|
| **WILMINGTON CONVENTION HOTEL, LLC,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**NAVIGATORS SPECIALITY INSURANCE COMPANY,** )<br>)<br>Defendant. ) | **NOTICE OF REMOVAL OF ACTION**<br>**PURSUANT TO 28 U.S.C. § 1441(b) (DIVERSITY)** |

Defendant, Navigators Specialty Insurance Company ("Navigators" or "Defendant"), hereby gives notice, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, that it has removed the above-captioned matter to the United States District Court for the Eastern District of North Carolina. A copy of this Notice is being filed with the Clerk of the Superior Court of New Hanover County, North Carolina, pursuant to 28 U.S.C. § 1446(b). In support of this Notice, Defendant states the following:

## BACKGROUND

1. This civil action regards whether Navigators breached a commercial property insurance policy it issued to Wilmington Convention Hotel, LLC ("WCH" or "Plaintiff"), and whether Navigators should be estopped from denying or otherwise limiting WCH's Claim.

2. On September 14, 2021, WCH filed a complaint (the "Complaint") against Defendant in the Superior Court of New Hanover County, North Carolina.

210602895_1 LAW

Case 7:22-cv-00014-M   Document 1   Filed 01/26/22   Page 1 of 7

The Complaint was assigned case no. 21 CVS 003498 (the "State Court Action"). Plaintiff attempted to serve the Complaint but was unable to achieve service. After contacting counsel for Navigators, Plaintiff and Navigators filed a Consent Motion to Extend Time to Answer Complaint, and then, the parties agreed that counsel for Navigators would accept service on behalf of Navigators, effective December 28, 2021. *See Acceptance of Service, attached as Exhibit A.*

3. According to the Complaint, Navigators issued a commercial property insurance policy to WCH bearing the number NY17HAB0BH66XNC (the "Policy") for the Plaintiff's property located at 9 Estell Lee Place, Wilmington, North Carolina (the "Property"), which is an Embassy Suites hotel. The Policy had effective dates of coverage from December 29, 2017 to December 29, 2018. *See Complaint, ¶¶ 5-6, attached as Exhibit B.*

4. The Complaint alleges that on September 14, 2018, Plaintiff sustained damage as a result of water intrusion and wind associated with Hurricane Florence, which caused interruption to its business operations. Plaintiff alleges its losses are covered by the aforementioned Policy. *Id., at ¶ 7.*

5. In its Complaint, Plaintiff alleges two causes of action against Navigators. The First Cause of Action is for Breach of Contract. It seeks damages "in excess of $25,000". *Id., at ¶ 28.* Plaintiff's Second Cause of Action is for Estoppel, and it also seeks equitable damages. *Id., at ¶ 36.* Finally, the Complaint seeks an unidentified amount of pre-judgment interest, costs and attorneys' fees. *Id., at p. 6.*

6. In accordance with the foregoing, including 28 U.S.C. §§ 1332(a)(1), 1446 (b)(3), and 1446 (c)(1), Defendant now removes this matter to this Court based upon diversity jurisdiction.

## THE PARTIES AND CITIZENSHIP

7. According to the Complaint, Plaintiff is a limited liability company organized and existing under the laws of the State of Virginia with its principal place of business in New Hanover County, North Carolina. *Id. at ¶ 1*.

8. As Plaintiff is an LLC, its citizenship is determined by the citizenship of all its members. *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). According to the North Carolina Secretary of State website, Plaintiff's sole member is Page S. Johnson and she resides at 1300 Diamond Springs Road, Suite 204, Virginia Beach, VA 23455. Therefore, Plaintiff is a citizen of the Commonwealth of Virginia.

9. Navigators is a New York corporation engaged in the insurance business, with a statutory home office located at One Penn Plaza, 50th Floor New York, NY 10119 and its principal place of business is in the State of Connecticut. Thus, Navigators is a citizen of New York and Connecticut for diversity purposes.

10. Given that Plaintiff and Defendant are the only Parties to this Action and are citizens of different states, complete diversity between the Parties exists.

## AMOUNT IN CONTROVERSY

11. The Complaint seeks damages in excess of $25,000 along with non-

monetary equitable relief. *Complaint at ¶ 28.*

12. However, in the Complaint, Plaintiff references various dollar amounts and parts of the claim it submitted to Navigators (the "Claim"), including that the restoration company charged over $1.2 million. *Id. at ¶ 11.* In addition, Plaintiff specifically contends that Navigators owes it $100,000 under a sublimit for discharge from a sewer, drain or pump. *Id. at ¶ 17-18.*

13. In addition, during the adjustment of the Claim, Plaintiff sent a letter demanding Defendant pay $1,669,000 to resolve the Claim.[1]

14. According to the Supreme Court of the United States, Rule §1446(a) requires only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 554 (2014).

15. Defendant submits that it is plausible and reasonable that the amount in controversy in this matter exceeds $75,000.00.

16. Accordingly, the requirements of 28 U.S.C. §1332 are satisfied, as the amount in controversy clearly exceeds $75,000.00.

## **LEGAL ARGUMENT**

17. As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28

---

[1] If requested by the Court, Defendant will submit the referenced Demand Letter to the Court for an *in camera* review, if necessary.

U.S.C. §§ 1332 and 1441.

18. Pursuant to 28 U.S.C. §1441(a), this Court is the proper venue for removal because it is the district and division embracing the place where the originally filed State Action is pending. Defendant, though, does not waive its right to contest venue, including pursuant to 28 U.S.C. §1404.

19. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff and shall be contemporaneously filed with the Clerk's Office for the Superior Court of New Hanover County, North Carolina.

20. A copy of the Notice of Removal to Opposing Counsel and the Notice of Filing the Notice of Removal, both of which shall be filed in the State Court action, are attached hereto as Exhibits C and D, respectively.

21. This Notice of Removal is not a waiver of Defendant's defenses, including but not limited to the right to contest venue, nor should it be understood or construed as a waiver of any defense Defendant may have against any of the allegations in the Complaint, or as a general appearance or waiver of any defense based upon lack of jurisdiction or for failure to state a claim.

22. Pursuant to Local Rule 5.3, the following served state court documents are attached hereto as Exhibit E: Notice of Appearance for L. Andrew Watson; Exhibit F: Notice of Appearance for Ryan P. Duffy; Exhibit G: Consent Motion for Extension of Time to Respond to Plaintiff's Complaint, and Exhibit H: Order Granting Motion for Extension of Time to Respond to Plaintiff's Complaint.

The Acceptance of Service and Complaint are already attached hereto as Exhibits A and B respectively.

WHEREFORE, Defendant, Navigators Specialty Insurance Company, requests that the above-captioned action be removed from the Superior Court, New Hanover County, North Carolina, to the United States District Court for the Eastern District of North Carolina.

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ L. Andrew Watson
L. Andrew Watson
NC Bar No.: 41812
Ryan P. Duffy
NC Bar No.: 55904
11605 N. Community House Road, Suite 150
Charlotte, NC 28277
PH: (704) 543-2321
FX: (704) 543-2324
E: awatson@butler.legal
E: rduffy@butler.legal
*Attorneys for Navigators Specialty Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of January, 2022, I served a true and correct copy of the above by placing the same, postage prepaid, in the United States Mail and via email addressed to the following persons, as well as filing the same with the above-captioned court via ECF Pacer:

> H. Arthur Bolick II
> Kimberly M. Marston
> BROOKS PIERCE MCLENDON
> HUMPHREY & LEONARD, LLP
> P.O. Box 26000
> Greensboro, NC 27420
> *Counsel for Plaintiff*
>
> /s/ L. Andrew Watson
> L. Andrew Watson